WOLCOTT, administrator, &c. *vs.* SULLIVAN & HULL.

Where an agent, having the money of his principal to be loaned, lent it to W. for three years, with interest payable semi-annually, and took a mortgage therefor in his own name without disclosing the fact that it was the money of a third person; and at the same time took from the mortgagor a lease of the mortgaged premises for three years, for his own use, reserving the rent to be paid semi-annually, and shortly after assigned the bond and mortgage to the real owner thereof; *Held*, that the mortgagor was not entitled to offset the rent which accrued subsequent to the time when he had notice of the facts, and after he had been forbidden to pay the principal or

1856.

Wolcott
v.
Sullivan.

Wolcott
v.
Sullivan.

interest of the mortgage to such agent, without showing that the agent was insolvent and that he could not have collected such rent from him.

If a party comes into chancery to obtain relief on the ground that he has not an adequate remedy at law, he must satisfy this court that his claim to relief is just and equitable, or it will not interfere in his behalf.

Where the landlord covenants to keep leasehold premises in tenantable repair during the term, it is the duty of the tenant to give him notice of the fact if the premises become ruinous or untenantable; especially where the tenant has, by the terms of the lease, secured to himself the right to make such repairs, and to deduct the expenses thereof from his rent.

August 2. — THIS case came before the chancellor upon appeal. Oliver Wolcott, the original complainant, was the owner of a house and lot in the city of New-York, a part of which was in the occupation of the defendant, G. Sullivan, in January, 1828. The complainant being desirous of obtaining a loan of money upon the house, and Sullivan having in his hands $5000 to invest upon bond and mortgage, as the agent of the defendant Commodore Hull, proposed to loan that amount to the complainant, upon the security of the house, for three years from the first of May then next; and as the lease of the house expired in May, he also proposed to take a lease to himself for the term of three years from that time, at an annual rent of $1000, payable half-yearly. The money of Commodore Hull was accordingly lent to the complainant, and Sullivan took a bond and mortgage therefor, in his own name, without disclosing the fact that the money belonged to any other person; and at the same time the complainant leased the premises to Sullivan for the three years from the first of May, 1828. The mortgage was duly recorded, and was shortly after its date assigned to Hull, the real owner thereof; but the assignment was not recorded until July, 1829. The complainant had no actual notice of the assignment, or that Sullivan was not the owner of the money loaned, until March, 1830, when Commodore Hull informed the complainant, by letter, of the real facts, and forbid his paying either principal or interest to any other person. The rent due at the time of such notice had all been paid; and all the rent up to May, 1830, except $175, was settled by Sullivan, who applied the interest up to that time towards the rent, and subsequently accounted with Hull for the same.

The rent which accrued subsequent to May, 1830, together with the $175, part of the half year's rent which fell due on that day, Sullivan refused to pay on account of an alleged breach of the covenants in the lease, in not putting the premises in tenantable repair; and the complainant took no steps to collect the same, and subsequently insisted upon the right to offset the rent against Commodore Hull's mortgage. In May, 1831, a few days after the mortgage became due, the complainant's solicitor tendered to Hull's agent, or offered to pay him, $4115, the amount due on the mortgage deducting the rent, on condition that he would receive the same in full satisfaction, or would give up the bond and mortgage to be cancelled, or execute a release thereof. The agent declined receiving the money on any of these conditions; but offered to receive it generally in payment, as far as it would go, leaving the question whether any thing more was legally due to be settled thereafter, and without prejudice to either party. The complainant thereupon filed his bill in this cause, against Sullivan and Hull, praying that he might be permitted to redeem the mortgage and to offset the rent against the same, and for an account and satisfaction of the amount due for rent; and that the defendants, or one of them, should procure the bond and mortgage to be delivered up and cancelled. Commodore Hull, in his answer, claimed the whole amount of his mortgage, including interest thereon from the first of May, 1830; and he insisted that the complainant was not legally or equitably entitled to offset the rent which fell due after he received notice of the assignment of the bond and mortgage, and of the equitable right of Hull to the bond and mortgage originally; and that he should have collected the rent of Sullivan, who was the proper person to pay the same. Sullivan, by his answer, insisted that only a small sum was due for the rent, because he had sustained great damage on account of the premises not being kept in tenantable repair, and because he had relinquished the possession of the premises to the complainant, and removed therefrom in November, 1830. He also insisted that another person claimed to be the owner of the premises, and had forbidden his paying the rent to the complainant; and

that he was therefore not bound to pay it until he had been indemnified against such claimant.  The cause was heard upon pleadings and proofs.  And the vice chancellor before whom the same was heard decided and decreed, that the complainant had not the right to set off the rent due to him on Sullivan's lease, and which had accrued after he had notice of the rights of Hull, against the bond and mortgage belonging to the latter; that the defendant Sullivan was not entitled to any deduction from his rent on account of the premises being out of repair; and that he was bound to pay rent up to May, 1831.  The complainant was therefore declared to be entitled to redeem, upon payment of the amount due upon the bond and mortgage, including the interest thereon from May, 1830, after deducting the rent, if any, due at the time of the notice of the assignment; and a reference was accordingly directed, to ascertain the amount due.  The decree also directed an account to be taken of what was due from Sullivan for rent, after deducting the amount actually expended by him for repairs upon the premises, and which had not been previously settled for.  The complainant was also decreed to pay the costs of the defendant Hull; and all further questions and directions were reserved.  The complainant appealed from the whole decree, except the part which declared that Sullivan was not entitled to any deduction from the rent, and was bound to pay rent till the end of the term.  And the defendant Sullivan appealed from that part of the decree which was not appealed from by the complainant, and also from that part which directed a reference to ascertain the amount due for rent, and the amount due upon the bond and mortgage.

After the entering of these appeals the complainant died, and the suit was revived in the name of his personal representative only, without making the heirs at law parties.  At the hearing of the appeals, the chancellor decided that the suit was properly revived in the name of the personal representative of Wolcott as against the defendant Sullivan; as the rent due at the time of the death of the original complainant belonged to the personal representative; but that under the provisions of the revised statutes making the mort-

gaged premises the primary fund for the payment of mort-gage debts, (1 *R. S.* 749, § 4,) the heirs at law were the only proper parties to prosecute the suit for the redemption of the mortgage ; and that the suit was not therefore properly revived as against the defendant Hull. The counsel for the complainant thereupon stipulated that the cause should be heard as if the same was properly revived, and that the amount decreed to be due should be paid ; and the counsel for Commodore Hull assenting to that arrangement, the cause was heard upon the merits of the appeal.

*D. D. Field*, for the complainant.

*J. King*, for the defendant Sullivan.

*J. Rhoades & S. Stevens*, for Hull.

THE CHANCELLOR. I agree with the vice chancellor that this is not a case where, in equity, one debt would necessarily compensate the other, even if the bond and mortgage had originally been in fact the property of the defendant Sullivan. And as there was no agreement, contained either in the bond and mortgage or in the lease, that the interest or principal which was to become due on the bond and mortgage should be offset against the rent, either party would have been authorized to proceed at law for the recovery of the whole of his debt ; subject to the legal right of the adverse party to offset what was then legally due to himself, if he thought fit to assert that right. But when a party comes into this court as a complainant to obtain equitable relief which a court of law is incompetent to give, he must be able to satisfy the chancellor that the claim set up by him is both just and equitable, before he will be entitled to the aid of this court to enforce that claim. In the case under consideration, if Wolcott at the time this bond and mortgage were given had been aware of the fact that the money loaned belonged to another person, and that Sullivan had no right to pledge it for the security of his own debt, there could have been no pretence of an equitable

claim of set-off, even if there had been an express agree-ment to that effect between him and Sullivan. In the absence of any such agreement, and when the fact was as-certained by the complainant that the bond and mortgage had belonged to another from the beginning, to entitle him to equitable claim to offset the rent which has subsequently accrued upon the lease he is bound at least to show that the rent could not have been collected from Sullivan, the real debtor. The complainant had actual notice of the rights of Commodore Hull, as early as March, 1830, and was then forbidden to pay the principal or the interest of the mortgage to any other person, without a written order to that effect. And if the complainant then intended to re-tain a part of the mortgage money as a security for rent which might thereafter become due, either under a verbal understanding to that effect with Sullivan or otherwise, he should have apprized Hull thereof; so that the latter might have taken the proper steps to indemnify himself against future loss. In any view, therefore, which I have been able to take of this case, I cannot discover that the complainant has any equitable claim to relief against the payment of the whole of this mortgage, and the interest thereof since the first of May, 1830 ; and he must look to Sullivan for the payment of the rent which has accrued since he had notice of the assignment of the bond and mortgage to the real owner. That part of the decree which was appealed from by the complainant was not erroneous; and it must be af-firmed with costs, to be paid to Hull, the respondent in that appeal.

The decision of the vice chancellor was also right as to that part of the decretal order which is appealed from by the defendant Sullivan. So far as I can understand the allegations in the very singular answer of this defendant, there is no distinct allegation of a breach of the covenant as to the repairs which were to be made upon the premises previous to the commencement of the term. He complains that he lost $150 rent, because the house was not *kept* in tenantable repair in the roof, according to the covenants in the lease. As the tenant had secured to himself the right

to make the necessary repairs, and to deduct the expense thereof from the rent, he cannot claim any extra compensation by way of damages; especially as he does not allege in his answer that he gave notice to the lessor, or his agent, that the premises wanted repairs after the commencement of the term. ' The claim made by Comfort Sands formed no excuse whatever for the non-payment of the rent, as it is not alleged by the defendant that he had any reason to believe, or did in fact believe, that such claim was well founded or could be sustained.

As the bond and mortgage which the complainant sought to redeem were given to the defendant Sullivan, and the suit, if any, upon the bond, must be brought in his name, I am not prepared to say, under the circumstances of this case, that the complainant had not a right to make him a party to a bill to redeem, although he was not such a necessary party as to have authorized the defendant Hull to demur to the bill on that ground if he had not been made a party to the same. The objection, that the complainant had a perfect remedy at law against Sullivan for the recovery of his rent, is not made in the answer of this defendant in such a form as to enable him to take advantage of it at the hearing. The only allusion to a legal remedy is in the impertinent part of the answer, in which the defendant has very improperly attempted to bring his private misunderstandings and controversies with the complainant's counsel before the court. And it is not there insisted on as a defence to the suit, but merely as a reason for believing that the counsel was influenced by malice in the filing of this bill. It was therefore too late to make the objection for the first time at the hearing, that this court had not jurisdiction of this case as to the relief asked for against the defendant Sullivan. And the question as to the complainant's right to the rent having been fully litigated by both parties in this suit, it would have been improper to turn the complainant around to a suit at law for the recovery of such rent. So much of the decretal order of the vice chancellor as is appealed from by the defendant Sullivan must there-

fore be affirmed, with costs to be paid by him to the re-spondent, the personal representative of O. Wolcott, de-ceased.